**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4731

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS RODRIGUEZ-PINEDA, a/k/a Carlos Pineda,
a/k/a Carlos Rodriguez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. James C. Fox, Senior
District Judge. (CR-05-5)

Submitted: February 24, 2006          Decided: March 16, 2006

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Frank D. Whitney, United States Attorney, Anne M.
Hayes, Christine Witcover Dean, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Carlos Rodriguez-Pineda pled guilty, without the benefit of a plea agreement, to one count of reentering the United States after having been deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). The district court sentenced Rodriguez-Pineda to seventy-one months' imprisonment, at the top of the range calculated under the advisory federal sentencing guidelines. Rodriguez-Pineda argues on appeal that this sentence was unreasonable, alleging the district court speculated that he engaged in drug dealing following his reentry to the United States[*] when no evidence provided a basis for this speculation.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Hughes, 401 F.3d at 546. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47; see United States v. Green, ___

_____

[*]Rodriguez-Pineda was convicted of cocaine trafficking in March 1999 and acknowledged this conviction at the guilty plea hearing.

- 2 -

F.3d ___, 2006 WL 267217 (4th Cir. Feb. 6, 2006). Further, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable range." United States v. White, 405 F.3d 208, 219 (4th Cir. 2005).

Here, the district court sentenced Rodriguez-Pineda at the top of the sentencing guidelines and within the statutory penalty. Further, the record clearly indicates that the district court made no finding as to whether Rodriguez-Pineda resumed drug dealing. Instead, the sentencing court remarked that Rodriguez-Pineda "hasn't learned much," noting this was the defendant's third period of incarceration. Thus, in imposing the sentence, the district court commented on considerations of respect for the law and adequate deterrence. See 18 U.S.C. §§ 3553(a)(2)(A), (B).

Finding the sentence reasonable, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED